UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

BRETT KIMBERIN,
Plaintiff,

v.                                          No. RWT 13 CV 2580

ANONYMOUS BLOGGER
KIMBERLINUNMASKED,
Defendant.

### PLAINTIFF'S VERIFIED MOTION TO FIND THAT DEFENDANT KIMBERLINUMASKED HAS BEEN SERVED UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(e)(1) AND MARYLAND RULE OF CIVIL PROCDURE 2-121

Now comes Plaintiff Brett Kimberlin and moves this Court to find that Defendant KimberlinUnmasked ("KU") has been effectively served as of October 22, 2013. In support of this motion, Plaintiff states that Defendant KU has actual notice of the suit, has received a copy of the suit, has been notified of his right to respond to the suit, has been evading service of the suit, has moved his copyright infringing blog offshore to avoid the jurisdiction of this court, has posted copies of the suit on his blog, and has mocked this suit relentlessly on his blog and on Twitter.

1. Federal Rule of Civil Procedure 4(e)(1) allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

2. Maryland rules of Civil Procedure 2-121 state the following with regard to defendants who evade service:

(b) Evasion of service. When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.

(c) By order of court. When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.

(d) Methods not exclusive. The methods of service provided in this Rule are in addition to and not exclusive of any other means of service that may be provided by statute or rule for obtaining jurisdiction over a defendant.

3. In the instant case, Defendant KU is an anonymous blogger. Plaintiff has sued him in two other cases, one in Montgomery County Circuit Court for defamation and other torts, and another in this Court for RICO and other torts unrelated to the Maryland case. On November 4, 2013, the Circuit Court held a hearing under *Independent Newspapers v. Brodie*, 966 A.2d 432, 407 Md. 415 (Md. App. 2009), and found that Plaintiff had met the five *Brodie* standards for compelling the identity of KimberlinUnmasked, These included notice and an opportunity to respond as well as prima facie defamation. Exhibit A. On January 13, 2014, the Circuit Court held another *Brodie* hearing and again found the standards met. Exhibit B. In both cases, the Court ordered Google to provide identifying information about KimberlinUnmasked. The information shows that KimberlinUnmasked was created by an individual using the email, causalnexus.george@gmail.com. That email is that of Lynn Thomas, from Streamwood, Illinois.

4. This Court, on October 17, 2013 granted Plaintiff an extension of time in which to serve Defendant KU until February 14, 2014. Plaintiff has served Defendant KU with notice of the suit on his Google Blogspot contact page, and repeatedly by asking his attorney in the state case to identify him so Plaintiff could serve him with the various suits. Exhibit C.

5. Plaintiff has sent the Complaint to Lynn Thomas at her Illinois address but it has been returned. Exhibit D.

6. Defendant KU has actual notice of the Complaint, has a copy of it, and is aware that he has a right to respond to it. In fact, he has even posted the suit and selected paragraphs of the suit on his KimberlinUnmasked blog. For example, on November 3 and 4, 2013, he posted paragraphs from the suit along with commentary saying that Plaintiff "lied" in the suit. Exhibits E and F. Defendant KU has been trying this case on his Internet Blog rather than in this Court.

7. Defendant KU's KimberlinUnmasked website on Google was suspended in December 2013 for violating numerous Terms of Service including the copyright infringements alleged in the Complaint. Exhibit G. Ironically, Defendant KU had used that website to mock this copyright infringement suit yet, as Defendant KU admitted, Google suspended and removed that website because of the very copyright violations alleged in this suit.

8. KimberlinUnmasked transferred his website to an offshore account controlled by cybercrime syndicates so he could continue to violate Plaintiff's copyright, defame and harass Plaintiff. However, even that web host could not stomach KimberlinUnmasked and suspended that site too. Exhibit H.

9. Twitter has also suspended KimberlinUnmasked's account there. Exhibit I.

10. Defendant KU has not only repeatedly posted about the Complaint on his blogs but he has also tweeted about it on two of his Twitter accounts, @KimberlinUnmask and @BKUnmasked. Although Twitter suspended both accounts in December for violations of Terms of Service, Twitter records show that Defendant KU tweeted about the copyright suit on many occasions.

11. Plaintiff has received documents related to KimberlinUnmasked from Twitter and Google pursuant to valid subpoenas and they show that KimberlinUnmasked has used virtual private networks ("VPN") to mask his login information to both accounts and to the Gmail account. Other cyber crime syndicates in Eastern Europe involved with hacking, identify theft and other illegal activity on the Internet control these VPNs, Exhibit K.

12. Plaintiff has provided a Declaration under 28 USC 1746 detailing his attempts to serve KimberlinUnmasked. Exhibit K.

13. Defendant KU has had actual notice of the claims set forth in the Complaint since at least October 22, 2013, as evidenced by the above. While personal service is "the classic form of notice always adequate in any type of proceeding," *due process* is satisfied when the attempted service is "reasonably certain to inform those affected." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). By and through Plaintiff's contacts and other means, and by his own admission that he already had the complaint in October, Defendant KU was clearly informed of the suit in October. *Maryland National*

*Bank v. Tanicorp* 796 F.Supp. 188 (1992) ("To the extent that Defendants maintain that service was improper, they have never denied actually receiving notice ' When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process.'")(citations omitted); *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988) (no prejudice to defendant under Rule 4(j) where defendant had actual notice of plaintiff's claim and facts on which it was grounded); *Benjamin v. Grosnick*, 999 F.2d 590, 592 (1st Cir. 1993) (no prejudice under Rule 4(j) where defendant had actual notice of lawsuit); *Spencer v. Steinman*, 968 F. Supp.1011 (E.D. Pa. 1997) (noting that actual notice "is crucial" to determining prejudice to the defendant).

14. KimberlinUnmasked is a criminal operation tied to crime syndicates using the Internet to violate US law, and to evade service while mocking Plaintiff and the Court's inability to serve him. Moreover, because KimberlinUnmasked has notice of the Complaint, a copy of the Complaint, and has been mocking the Complaint on his various suspended blogs and Twitter, this Court should find that KimberlinUnmasked has been served effective on October 22, 2013, when KimberlinUnmasked first mocked the Complaint on his suspended Google blog.

Wherefore, for all the above reasons, this Court should find that KimberlinUnmasked has had notice of the suit since October 22, 2013, that he has responded on his blogs but not in court, that he has had an opportunity to respond in court but has failed to do so, and that he has forfeited his right to respond within 120 days of his notice of the suit.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
(301) 320 5921
justicejtmp@comcast.net

Certificate of Service

I certify that I emailed a copy of this motion to KimberlinUnmasked at causalnexus.george@gmail.com this 18th day of February, 2014.

Brett Kimberlin