IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRETT KIMBERLIN | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. RWT-13-2580 |
| ANONYMOUS BLOGGER UNMASKED | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM OPINION**

On September 5, 2013, the Plaintiff, Brett Kimberlin, filed a Complaint for damages for copyright infringement in this Court naming as the Defendant "Anonymous Blogger KimberlinUnmasked." The Plaintiff did not provide the actual name of the Defendant, nor, of course, did he provide an address or any other information necessary to make service upon the Defendant. The Plaintiff did not make any effort to secure the processes of this Court through the issuance of subpoenas or otherwise to identify the actual name of the Defendant sued by him. On October 1, 2013, this Court entered an Order authorizing the issuance of service of process, and reminding the Plaintiff that "the person effecting service of the summons and Complaint must promptly notify the Court, through an affidavit, that he or she has served Defendant." ECF No. 2, p.1. On October 15, 2013, the Plaintiff moved for additional time to serve the Defendant (ECF No. 4) and on October 17 this Court granted Plaintiff an extension of time until February 14, 2014 to effect service of the Defendant. ECF No. 6.

No return of service has been filed with this Court, and the time for service of process expired on February 14, 2014. On February 18, 2014, the Plaintiff filed a "Verified Motion To Find That Defendant KimberlinUnmasked Has Been Served Under Federal Rule of Civil

Procedure 4(e)(1) and Maryland Rule of Civil Procdure 2-121." ECF No. 7. The motion does not indicate that service of process has been effected on the Defendant, nor does it seek additional time to either identify the Defendant or to effect service on him or her. Instead, Plaintiff seeks to have an order of this Court entered deeming that the anonymous Defendant has been served. In the motion, he advises this Court that through related proceedings in the Circuit Court for Montgomery County he has been able to obtain information from Google that the blog spot "KimberlinUnmasked" was created by an individual using the email [causalnexus.george@gmail.com](causalnexus.george@gmail.com), an address associated with Lynn Thomas of Streamwood, Illinois. ECF No. 7, p. 2. The Plaintiff has made no effort to amend the Complaint to name Lynn Thomas as the Defendant, nor did he provide any information as to the address of Lynn Thomas.

It is apparent from the pleadings in this case and in the Plaintiff's most recent motion that the identity of the person making postings on the KimberlinUnmasked blog spot is not known and, while the person maintaining that blog spot may be aware of the action in this case, that person has never been served nor identified in any respect whatsoever.

There is no authority for this Court to "deem" someone served when they have neither been identified nor served, and all that is presented to the Court is an allegation that the person to be served, still unidentified, is aware of it through blog postings.

The Plaintiff is no stranger to the processes of this Court. Following his conviction in the United States District Court for the Southern District of Indiana for possession of a firearm not registered to him, manufacture of a firearm, maliciously damaging by explosion the property of an entity receiving federal financial assistance, and damaging property of a business used in and effecting interstate commerce, which was affirmed in *United States v. Kimberlin*, 805 F.2d 210 (1986), he commenced numerous cases in this Court against the United States Parole

Commission, in *Brett C. Kimberlin v. Department of Justice and U.S. Parole Commission*, Case No. 8:98-cv-00730-AW; *Brett Kimberlin v. United States Parole Commission, et al.*, Case No. 8:97-cv-03829-AW; *Brett C. Kimberlin v. United States Parole Commission*, Case No. 8:97-cv-02066-AW; *Brett C. Kimberlin v. U.S. Parole Commission, et al.*, Case No. 8:97-cv-01687-AW, and *Brett C. Kimberlin v. United States Parole Commission*, Case No. 8:97-cv-00431-AW, apparently in relation to his efforts to be paroled from his conviction affirmed by the 7th Circuit in 1986. Following his release on parole, he also brought an action in this Court which was treated as an effort to overturn his Indiana conviction under 28 U.S.C. § 2255. His petition was denied, and the denial was affirmed by the 4th Circuit, *Brett C. Kimberlin v. Warden*, Case No. 8:04-cv-02881-AW. Finally, he has been involved in litigation concerning his personal bankruptcy in this Court, *Brett Coleman Kimberlin v. USA v. In Re: Brett Coleman Kimberlin v. James Turner*, Case No. 8:98-cv-03586-AW and *Brett Kimberlin v. US Trustee*, Case No. 8:98-cv-00490-AW. Recently, he brought another action in this Court against numerous Defendants alleging that they had been engaged in a RICO conspiracy, a case which remains pending of this date. *Brett Kimberlin v. National Bloggers Club, et al.*, Case No. 8:13-cv-03059-PWG.

The Court was prepared to deny the Plaintiff's motion to find that the unnamed Defendant has been served when additional filings were made by Aaron J. Walker, who, as an apparent *amicus curiae*, seeks to have the Court give leave for the Defendants to file anonymously, for Mr. Walker, himself, to file a brief as *amicus curiae*, and, ultimately, to dismiss the complaint. Mr. Walker is not a party to this case and, unless he is, indeed, the anonymous defendant, he has no standing or ability to file a motion on behalf of a Defendant, the identity of whom is still unknown to this Court. Interestingly, Mr. Walker has been engaged in

previous litigation against Mr. Kimberlin in this Court, *Walker v. Kimberlin*, Case No. 8:12-cv-1852-JFM, a case which was dismissed in November of 2012.

If the Plaintiff wishes to use the processes of this Court to obtain a judgment against a person, he is going to have to identify that person by one means or another and then effect service of process on that individual. He has not done so and, accordingly, this Court will, by separate Order, deny Plaintiff's Verified Motion to Find That Defendant Has Been Served (ECF No. 7), deny the motions filed by Aaron J. Walker (ECF Nos. 8, 9, and 11), and direct the Plaintiff to show cause why this case should not be dismissed for failure to effect service of process within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. A separate Order follows.

Date: <u>February 27, 2014</u>                         <u>        /s/                </u>
                                                        Roger W. Titus
                                                        United States District Judge