UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

BRETT KIMBERLIN,
   Plaintiff,

v.                                No. RWT 13-2580

KIMBERLINUNMASKED
  aka
LYNN THOMAS and
PETER MALONE,
   Defendants.

## VERIFIED MOTION FOR DEFAULT

Now comes Plaintiff Brett Kimberlin and moves this Court, pursuant to Federal Rule of Civil Procedure 55(a), and 28 U.S.C. 1746, to issue a finding of default as to Defendants Lynn Thomas and Peter G. Malone for failure to respond to the Amended Complaint or otherwise plead or defend.

1. Defendants Thomas and Malone are a father/daughter team collectively acting as an anonymous blogger called KimberlinUnmasked. Pursuant to an Order from the Montgomery County Circuit Court, Plaintiff learned their identities.

2. On March 30, 2014, Plaintiff secured new summons from the Clerk and served the Defendants by Certified Mail, Return Receipt, Restricted Delivery. Exhibit A. A month later, the envelopes were returned unclaimed. Id.

3. Defendants have actual notice of this Complaint but have intentionally refused to accept service.

4. More than 120 days has passed since the Defendants have received actual notice of the Complaint.

5. Federal Rule of Civil Procedure 4(e)(1) allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff has served Defendants at their last known address, which is listed on their current AT&T Internet and phone billing records, which Plaintiff received through a subpoena. Plaintiff has done this in good faith and made many efforts to give actual notice including sending notice to emails used by the Defendants such as causalnexus.george@gmail.com, the email used to create the KimberlinUnmasked websites and access their KimberlinUnmasked Twitter accounts. Plaintiff also informed their attorney in the Maryland Circuit Court case of the Compliant and asked him to accept service for the Defendants. Plaintiff has also served Defendants with notice of the original Complaint on their Google Blogspot contact page.

6. Defendants have actual notice of the Complaint, have a copy of it, and are aware that they have a right to respond to it. In fact, Defendants even posted the suit and selected paragraphs of the suit on their KimberlinUnmasked blog. For example, on November 3 and 4, 2013, they posted paragraphs from the suit along with commentary saying that Plaintiff "lied" in the suit.

7. Defendants' KimberlinUnmasked website on Google was suspended in December 2013 for violating numerous Terms of Service including the copyright infringements alleged in the Complaint. Google notified them of the reasons for suspension. Incredibly, Defendants had used that website to mock this copyright infringement suit.

8. Defendants not only repeatedly posted about the Complaint on their blogs prior to them being suspended, but they has also tweeted about it on two of their Twitter accounts, @KimberlinUnmask and @BKUnmasked prior to their suspension. Although Twitter suspended both accounts in December for violations of Terms of Service, Twitter records show that Defendants tweeted about the copyright suit on many occasions.

9. Defendants have had actual notice of the claims set forth in the Complaint since at least October 22, 2013, as evidenced by the above. While personal service is "the classic form of notice always adequate in any type of proceeding," *due process* is satisfied when the attempted service is "reasonably certain to inform those affected." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). By and through Plaintiff's contacts and other means, and by the Defendants' own admissions that they already have the Complaint, Defendants were clearly informed of the suit. *Maryland National Bank v. Tanicorp* 796 F.Supp. 188 (1992) ("To the extent that Defendants maintain that service was improper, they have never denied actually receiving notice ' When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process.'")(citations omitted); *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988) (no prejudice to defendant under Rule 4(j) where defendant had actual notice of plaintiff's claim and facts on which it was grounded); *Spencer v. Steinman*, 968 F. Supp.1011 (E.D. Pa. 1997)

(noting that actual notice "is crucial" to determining prejudice to the defendant).

Wherefore, for all the above reasons, this Court should issue a finding of default against Defendants for failing to respond to the Complaint after having actual notice.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817

## Declaration Under 28 USC 1746

I declare, under penalty of perjury, that the above is true and correct to the best of my belief.

Brett Kimberlin

Certificate of Service

I sent a copy of this motion to causalnexus.george@gmail.com this 13th day of July 2014.

Brett Kimberlin