**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

FILED
ENTERED DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUL 22 A 10: 26

CLERK'S OFFICE
AT

BY _____

BRETT KIMBERLIN,        *

    Plaintiff        *

    v.        *        CASE NO.: 8:13-CV-02580-RWT

                *

LYNN THOMAS,        *

    and        *

PETER G. MALONE        *

    Defendants        *

                *

\*        \*        \*        \*        \*        \*        \*
    \*

## DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT

    COMES NOW Defendants Lynn Thomas and Peter G. Malone, in the above-styled case,

for the sole purpose of filing this opposition, without waiving any rights of jurisdiction, notice,

process, service of process, or venue, and prays that court deny Plaintiff's motion for default, and

the Defendants state the following:

1.    Plaintiff did not comply with Maryland Rule of Civil Procedure 2-121. In paragraph 2 of

    Plaintiff's Motion for Default, ECF No. 18, Plaintiff states he mailed alleged service of

process on March 30, 2014. However, he admits in the same paragraph that "a month later, the envelopes were returned unclaimed." Maryland Rule of Civil Procedure 2-121(a) states that "Service by certified mail under this Rule is complete upon delivery." Since by Plaintiff's own admission it was not delivered, it was not served.

2.      Plaintiff tries to get around this clear failure by stating in paragraph 6 that "Defendants have actual notice of the Complaint, have a copy of it, and are aware that they have a right to respond to it." Even if this was true, this dilatory Plaintiff is not absolved from complying with Federal Rule 4(e) simply because a defendant may have had actual notice of the suit. See *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995); *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 34 (W.D.N.Y. 1996). Plaintiff still has the burden to prove that he has actually served the Defendants and he has not done so. In addition, as we will demonstrate, Plaintiff has actually attempted to perpetrate a fraud on this court, falsely claiming he had served the Defendants properly when he had not.

## A.    DEFAULT SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT SUBMITTED PROOF OF SERVICE

3.      A Plaintiff bears the burden of proving, by a preponderance of the credible evidence, that service is adequate. See *Almonte v. Suffolk County*, 2012 U.S. Dist. LEXIS 69465 (E.D.N.Y. 2012).

4.    There is documentary evidence that Plaintiff is attempting to perpetrate a fraud on this court by claiming he has properly attempted service of process. Plaintiff writes in paragraph 2 that "On March 30, 2014, Plaintiff secured new summons from the Clerk and served the Defendants by Certified Mail, Return Receipt, Restricted Delivery. Exhibit A. A month later, the envelopes were returned unclaimed. Id." (italics added).

5.    Postal records show that this is not true.

6.    Plaintiff is lying to this court when he claims to have sent these packages "Restricted Delivery" as allowed under Md. Rule 2-221(a)(3). He has altered his Exhibit A by checking the "Restricted Delivery" box after delivery had been attempted and failed.

7.    Although this allegation might sound far-fetched, he has done this sort of thing before. Plaintiff admitted to doing the exact same thing in a Maryland court *Kimberlin v. Walker et al.*, Case # 380966V (Md. Mont. Co. Cir. Ct. 2013). As we are about to show, Plaintiff stated in a hearing that when attempting to serve another person, he altered the Certified Mail green card to falsely indicate that he has sent the package "Restricted Delivery." Also, Plaintiff is a convicted perjurer, See *United States v. Kimberlin*, 483 F. Supp. 350, 351 (S.D. Ind., 1979), and he has a conviction related to the forgery of documents, *United States v. Kimberlin*, 805 F. 2d 210 (7th Circuit 1986). Finally, he has recently admitted in *Kimberlin v. National Bloggers Club et al.*, Case # 8:2013-cv-03059-GJH (D. Md., 2013) that he forged a summons (see ECF 102 in that case). Compounding his lies, after admitting to the forgery in *Kimberlin v. National Bloggers Club et al.*, he denied in *Kimberlin v. Walker et al.* that he was caught forging the summons in that federal suit or

that he had admitted to it. See *Kimberlin v. National Bloggers Club et al.*, ECF 149,

Exhibit D-2. In summary, there is strong evidence that he has altered the Certified Mail

green cards shown in his Exhibit A in this case to falsely indicate he had attempted

service in compliance with Maryland's Rule, and there is good reason to doubt anything

else he says in the instant case.

**B.      PLAINTIFF HAS ALTERED EXHIBIT A TO INDICATE THAT HE ATTEMPTED
TO SEND US RESTRICTED DELIVERY WHEN HE DID NOT.**

8.      Page 1 of Plaintiff's Exhibit A purports to be a copy of a package sent to defendant Peter

Malone, including a Certified Mail green card. The Restricted Delivery checkbox is

checked. The package has a tracking number of 7012 2920 0000 9200 0493.

9.      Attached as Exhibit 1 is a print out of the USPS tracking page. As the Court can see, the

only features listed as being purchased are "Certified Mail" and "Return Receipt."

10.     If "Restricted Delivery" had been chosen, that would have been listed under "Features."

We know this because if one enters the tracking number of a package that was sent

Certified Mail, Return Receipt, with Restricted Delivery, one sees that it is indicated. For

instance, Exhibit 2 is a print out for the mail piece with the tracking number 7013 3020

0001 8041 2479, under features "Certified Mail," "Return Receipt" and "Restricted

Delivery" are listed. So the lack of "Restricted Delivery" being listed under "Features"

in Exhibit 1 logically means that the Plaintiff did not send it with Restricted Delivery.

4

11.     Plaintiff did the same thing with the mailing to Lynn Thomas. Page 2 of Plaintiff's

        Exhibit A is presented as a copy of a package sent to her, including a Certified Mail green

        card with the "Restricted Delivery" option checked off. That tracking number is 7003

        1680 0000 8911 9948. Again, if one enters that tracking information into the USPS

        tracking system, the results will indicate that "Restricted Delivery" was not chosen as a

        "feature." Exhibit 3 is a print out of the USPS tracking page for that tracking number.

12.     Further, we invite your honor not to take our word for it, but to run this "experiment"

        yourself. Enter the tracking numbers of a package known to have been sent Restricted

        Delivery as the "control" and then run the tracking numbers in Plaintiff's Exhibit A as the

        "experiment." We have no doubt you will get the same results: that USPS records clearly

        indicate that Plaintiff did not send these packages Restricted Delivery.

13.     There is more evidence of falsity. Plaintiff's Exhibit A lists the postage for the package

        sent to Peter Malone as $11.60 and indicates that it was sent Certified Mail, Restricted

        Delivery.

14.     It is not possible that Plaintiff sent the package with all of those features he claims to

        have chosen. The current Certified Mail fee is $3.30. The current cost of getting a Return

        Receipt "green card" is $2.55. Finally, the Restricted Delivery service costs $4.75. (See

        http://www.certifiedmaillabels.com/usps-postal-rates/). Therefore before taking into

        account the weight of the package, the postage should cost a minimum of $10.60.

        Plaintiff would have the Court believe that the remaining postage for this package

        equaled a dollar ($1.00), to bring up the total postage to $11.60. That is impossible,

because it is less than the First Class postage for a large envelope weighing as much as the document shown on PACER as the Amended Complaint.

15.    Plaintiff has done this before in this lawsuit. He filed a "Verified Motion to Find That Defendant KimberlinUnmasked Has Been Served Under Federal Rule Of Civil Procedure 4(e)(1) and Maryland Rule of Civil Procedure 2-121." ECF 7. As previously pointed out in an attempted amicus motion, Plaintiff included an Exhibit D which also purported to include a Certified Mail green card with a checkmark indicating that he had chosen Restricted Delivery:



16.    That tracking number is 7013 1090 0001 2438 6922. If the Court runs the tracking number, one will discover that it was not sent via Restricted Delivery. This was confirmed by a Post Office receipt shown on PACER. In *Kimberlin v. National Bloggers Club et al.*, in which Lynn Thomas is also listed as a Defendant, Plaintiff was required to submit a report on his service called "Status Report Re Service of Complaint," ECF 33. That report attaches a number of receipts for postal services. This is a screen capture of one of the entries:



17.     As the Court can see, that receipt matches the green card he submitted in this case and it apparently cost Plaintiff $11.25 (under the old postal rates) to attempt the same service to the same address. Plaintiff did not pay for Restricted Delivery in this instance, either.

18.     A number of conclusions can be drawn from this evidence. First, it shows that Plaintiff has a history of falsely presenting alleged packages mailed "Restricted Delivery" when they had not been sent by that method. As we will show in a moment, this is not the only time he has been caught doing this. Second, it shows that back when he sent his package, the base cost of mailing service was $5.60. That was on January 4, 2014. Postal rates increased on January 26, 2014, (http://about.usps.com/news/national-releases/2013/pr13_077.htm) and so if anything it should have cost more. Therefore it is logically impossible for the Plaintiff to have sent the package, Certified Mail, Return Receipt,

7

Restricted Delivery for only $11.60. Clearly he did not send it Restricted Delivery as

required, and he falsely represented to this Court that he did.

**C.** **PLAINTIFF HAS PREVIOUSLY ADMITTED IN ANOTHER CASE THAT HE ALTERED CERTIFIED MAIL GREEN CARDS TO FALSELY STATE THEY WERE SENT RESTRICTED DELIVERY AND HE MADE STATEMENTS IN THAT CASE INDICATING THAT NONE OF THE MAILINGS IN EXHIBIT A WERE SENT RESTRICTED DELIVERY.**

19.     As difficult as it may be to believe, Plaintiff has a history of engaging in precisely this

kind of fraud on the Court.

20.     As noted above, Plaintiff presently has another case in Montgomery County Circuit Court

against the named defendants in this case and against four other defendants: Ali Akbar,

John Hoge, Robert McCain and Aaron Walker. On April 9, 2014, Mr. Akbar sought

sanctions against Plaintiff for doing the same thing: Plaintiff sent service of process

without checking the Restricted Delivery checkbox or paying the fee for Restricted

Delivery, and then altered the green card after the fact to indicate that it had been sent

Restricted Delivery. In that case, Plaintiff carelessly provided a copy of the unchecked

green card in one filing and then provided a new copy with the checkmark added.

21.     In that hearing, Plaintiff admitted to the alteration as follows:

            THE COURT:        Did you alter the return receipts between docket
                              entry 38 and 50 whatever, did you change them?

            MR. KIMBERLIN:    I did not change them intentionally. When I go to
                              the post office, I ask them to do it so it's registered
                              or whatever it's called, restricted delivery, and they

did not do it. [Defendant Akbar is] saying that there's an extra fee. I've never paid an extra fee for restricted delivery. I've sent literally 50 or 100 of these things and never once faked a [unintelligible] restricted delivery, but, you know, Mr. Akbar here sitting right there that this was sent in January 2nd to Mr. Akbar. It came back, it's restricted delivery. This one here is January 25th, again, Mr. Akbar came back restricted delivery, you know, undeliverable. And you know he keeps accusing me of not paying the extra fee.

THE COURT:          This isn't about paying a fee.

MR. KIMBERLIN:      That's what he said.

THE COURT:          This is about the exact same brief green card being filed – the support motions you filed, the different docket entries, one showing the restricted delivery box checked and one not.

MR. KIMBERLIN:      Your honor, like I said I asked the post office to send it restricted delivery.

THE COURT:          You're not answering my question.

MR. KIMBERLIN:      Yes, I changed –

THE COURT:          Did you change it?

MR. KIMBERLIN:      Yes, I did.

THE COURT:          And then you filed it representing that it accurately reflected the green card that had been filled out.

MR. KIMBERLIN:      No, no, no, I filed it and accurately said -- it accurately reflected what I told the post office to do and that's what it is. You know, like I said I'm a pro se litigant and –

THE COURT:          Don't even use that with me.

MR. KIMBERLIN:      Okay, okay –

> THE COURT:  You know it's one thing to say I'm pro se so I don't
> understand rules or I don't understand how to get
> something in and the rules of evidence and another
> thing to alter something and file it.

22.  A copy of the transcript has already been presented in the case of *Kimberlin v. National Bloggers Club  et al.* as ECF 124. For this court's convenience a true and correct copy of that document is attached as Exhibit 4. This exchange can be found on pages 21-23.

23.  In addition to being another example of the same Plaintiff engaging in the same deception before a different court, it is also evidence of Plaintiff's serial failure to send service via Restricted Delivery in this case as he is required under the Maryland Rules. According to the tracking number information presented as Exhibit 1 and 3 to this Opposition it was mailed on March 31, 2014.  This is consistent with Plaintiff's Exhibit A but it is inconsistent with his statements in paragraph 2 of his motion for default, where he states that both packages were sent on March 30, 2014.

24.  However, as noted above, on April 9, 2014, Plaintiff told the court in *Kimberlin v. Walker et al*, that "I've never paid an extra fee for Restricted Delivery" related to service of process. If he has "never" paid such a fee as of April 9, 2014, he did not pay it on March 31, 2014, either.

25.  Plaintiff is likely to try to rely on his being *pro se* to justify his failure to obey the rules and to justify presenting altered evidence before this honorable court.  Aside from Judge Ryon's sharp words quoted above, Plaintiff has more experience in the courtroom than

some trial lawyers. As your honor observed in your Memorandum Opinion, ECF No. 12,

pp. 3-4.

> The Plaintiff is no stranger to the processes of this Court. Following his conviction in the United States District Court for the Southern District of Indiana for possession of a firearm not registered to him, manufacture of a firearm, maliciously damaging by explosion the property of an entity receiving federal financial assistance, and damaging property of a business used in and effecting interstate commerce, which was affirmed in *United States v. Kimberlin*, 805 F.2d 210 (1986), he commenced numerous cases in this Court against the United States Parole Commission, in *Brett C. Kimberlin v. Department of Justice and U.S. Parole Commission*, Case No. 8:98-cv-00730-AW; *Brett Kimberlin v. United States Parole Commission, et al.*, Case No. 8:97-cv-03829-AW; *Brett C. Kimberlin v. United States Parole Commission*, Case No. 8:97-cv-02066-AW; *Brett C. Kimberlin v. U.S. Parole Commission, et al.*, Case No. 8:97-cv-01687-AW, and *Brett C. Kimberlin v. United States Parole Commission*, Case No. 8:97-cv-00431-AW, apparently in relation to his efforts to be paroled from his conviction affirmed by the 7th Circuit in 1986. Following his release on parole, he also brought an action in this Court which was treated as an effort to overturn his Indiana conviction under 28 U.S.C. § 2255. His petition was denied, and the denial was affirmed by the 4th Circuit, *Brett C. Kimberlin v. Warden*, Case No. 8:04-cv-02881-AW. Finally, he has been involved in litigation concerning his personal bankruptcy in this Court, *Brett Coleman Kimberlin v. USA v. In Re: Brett Coleman Kimberlin v. James Turner*, Case No. 8:98-cv-03586-AW and *Brett Kimberlin v. US Trustee*, Case No. 8:98-cv-00490-AW.

26. This certified paralegal should not be held to the low standard of most *pro se* litigants. And even if he should, how much legal education does one need to have to know not to alter a document and present it to the court as legitimate? We have never been to law school, we are not paralegals, but we know better than to even try to do that. This court should respond to any plea of *pro se* status the same way Judge Ryon did: "Don't even use that with me."

D.     **PLAINTIFF'S ALTERATION OF THE CERTIFIED MAIL GREEN CARDS REPRESENTS THE LATEST EXAMPLE OF HIS UNREPENTANT DISHONESTY IN RELATION TO SERVICE OF PROCESS.**

27.    On April 9, 2014, in *Kimberlin v. Walker et al.*, the court did not fine Plaintiff, because the judge did not believe she had the power. However Judge Ryon did scold Plaintiff with these words:

> THE COURT:      Mr. Kimberlin, I hope you are aware—if you
> weren't before—you're aware now and you do not
> alter anything you file before this court because by
> filing it you're representing to this court that the
> document is as it was and has been in its unaltered
> state to back up whatever you're alleging.

Page 25.

28.    Plaintiff replied to that by saying "I understand," but it seems that he didn't--submitting another altered green card in this case without informing this court that it had been altered.

29.    This is not the first time he has been caught engaging in dishonest behavior in relation to service of process, feigning repentance when caught, and then proving himself unrepentant in another court. In *Kimberlin v. National Bloggers Club et al*, he was caught forging a summons and admitted to it. See *Kimberlin v. National Bloggers Club et al.*, ECF 102. There he claimed it was an "honest mistake." But when asked about the same forgery in the case of *Kimberlin v. Walker et al*, he not only denied altering the summons

and even denied admitting to the alteration to then-presiding Judge Grimm. *Kimberlin v. National Bloggers Club et al.*, ECF 149, Exhibit D-2, P. 61.

30.     Thus, a pattern of unrepentant dishonesty is established. In *Kimberlin v. National Bloggers Club et al.*, he is caught forging a summons and then in *Kimberlin v. Walker et al*, he denies forging the summons and denies admitting to having done it. Meanwhile, in *Kimberlin v. Walker et al*, he admits to altering a Restricted Delivery green card and falsely presenting it to the court, pretending he is sorry and promising not to do it again. Then he does it again in the instant case before you. It's as if he is hoping that the different judges in each case do not learn what Plaintiff is doing in the other cases.

31.     Again, it is Plaintiff's duty to provide credible evidence of service. Under the best circumstances it would be difficult to credit Plaintiff's claims. Plaintiff is a convicted perjurer, See *United States v. Kimberlin*, 483 F. Supp. 350, 351 (S.D. Ind., 1979). He is one of the few Americans to have been convicted of misuse of the Seal of the President of the United States, and the facts upon which he was convicted suggests that even then he was engaged in the forgery of documents:

> [FBI Special Agent] Lucas had been called to a printing establishment. He observed defendant wearing clothing with badges and insignia. The insignia was identical to that of the Security Police of the Defense Department. Defendant had in hand a facsimile of the Presidential Seal and other documents, one or more of which he attempted to chew up.

See *United States v. Kimberlin*, 805 F. 3d 210, 228 (7th Circuit 1986).

32.     Another example of his dishonesty can be found in *Kimberlin v. Dewalt*, 12 F. Supp. 2d 487 (D. Md., 1998) where this court found that Kimberlin had cheated a woman (that he

widowed with one of his bombs) out of a civil judgment she obtained, and also committed mortgage fraud. His behavior was so outrageous in that case that his parole was revoked.

33.     All this suggests that under the best of circumstances Plaintiff's word should not be trusted. This opposition has presented credible evidence that Plaintiff has misled the Court by altering exhibits, in an, attempt to trick the Court into believing that he attempted service Restricted Delivery. He did not.

34.     The undersigned do state that we have not received service, and we have taken no action to evade service, as Plaintiff so dishonestly claims. We are willing to answer this suit on the merits if Plaintiff ever gets around to properly serving us.

**E.     PLAINTIFF'S DOCTORING OF PROOF OF SERVICE WARRANTS DISMISSAL.**

35.     A Federal District Court possesses inherent powers that are necessary to the exercise of all others. *Johnese v. Jani-King*, Inc., 2008 U.S. Dist. LEXIS 16435, \*\*4-5 (N.D. Tex. March 3, 2008), citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), and *United States v. Hudson*, 11 U.S. 32, 34, 3 L. Ed. 259 (1812). Though a court should exercise those powers with restraint, they extend to dismissing a case with prejudice for a litigant's misconduct if the court considers lesser sanctions, and determines they would not suffice. Id. at \*5, citing *Shepherd v. American Broadcasting Cos.*, 62 F.3d 1469, 1479

(D.C. Cir. 1995) (collecting cases). Fed. R. Civ. P. 41(b) also provides a basis for dismissing with prejudice, where a plaintiff engages in misconduct constituting a violation of the court rules or a court order. *C.B.H. Resources v. Mars Forging Co.*, 98 F.R.D. 564, 569 (W.D. Pa. 1983).

36.   Fraud on the court has been described as "a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." *Von Nichols v. Klein Tools, Inc.*, 949 F. 2d 1047, 1048 (8th Cir. 1991) (citations omitted). "A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as ... fabrication of evidence by counsel, and must be supported by clear, unequivocal and convincing evidence." Id. (citations omitted). Mr. Kimberlin's brazen misconduct by twice altering Certified Mail receipts to try to indicate that they were sent Restricted Delivery—once after he was warned not to do this again by an irate judge in another case —amounts to fraud on this Court. It is so egregious that the only appropriate sanction (in this forum) is dismissal of his action with prejudice.

37.   In *C.B.H. Resources, supra*, the Plaintiff secured a witness's presence for deposition by having its counsel present the witness with a document Plaintiff claimed was a valid subpoena, but which was not. That plaintiff's abuse of the court's process under Fed. R. Civ. P. 45 was a sufficiently egregious rule violation to warrant involuntary dismissal under Rule 41(b). 98 F.R.D. at 568-569. Likewise, Mr. Kimberlin's actions violate numerous provisions of Fed. R. Civ. P. 4 (Summons), 5 (Serving and Filing Pleadings and

Other Papers), and 11 (Signing Pleadings and Representations to the Court), to name just

a few. And his *pro se* status is no excuse. Leaving aside that Mr. Kimberlin's ample

litigation experience probably makes him more knowledgeable of the rules than many

lawyers, every schoolchild knows not to take an official document, alter it, then try to

pass it off as something other than what it is. Most people would call that "forgery."

38.   "Tampering with the administration of justice...involves far more than an injury to a

single litigant. It is a wrong against the institutions set up to protect and safeguard the

public." *Johnese* at *5, citing *Chambers*, 501 U.S. at 44 and, inter alia, *Aoude v. Mobil

Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (dismissing case in which Plaintiff

attached fabricated document to complaint; "[i]t strikes us as elementary that a federal

district court possesses the inherent powers to deny the court's processes to one who

defiles the judicial system by committing a fraud on the court"). And *Aoude* noted that:

> Courts cannot lack the power to defend their integrity against
> unscrupulous marauders; if that were so, it would place at risk the very
> fundament of the judicial system. As Justice Black wrote in a case
> involving a not-dissimilar fraud:
>
> > Tampering with the administration of justice in the manner
> > indisputably shown here involves far more than an injury to
> > a single litigant. It is a wrong against the institutions set up
> > to protect and safeguard the public, institutions in which
> > fraud cannot complacently be tolerated consistently with
> > the good order of society....The public welfare demands
> > that the agencies of public justice be not so impotent that
> > they must always be mute and helpless victims of deception
> > and fraud.
>
> All in all, we find it surpassingly difficult to conceive of a more
> appropriate use of a court's inherent power than to protect the sanctity of
> the judicial process -- to combat those who would dare to practice

unmitigated fraud upon the court itself. [*Aoude*, 892 F.2d at 1119, citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246, 64 S. Ct. 997, 88 L. Ed. 2d 1250 (1944)].

39.   Leaving aside the issue of whether Mr. Kimberlin's actions amount to mail fraud or other criminal conduct, they certainly constitute "defil[ing] the judicial system," Id., and "the most egregious misconduct directed to the court itself," Von Nichols, 949 F.2d at 1048, justifying dismissal under the Court's inherent authority and/or Rule 41(b). Plaintiff has literally tried to deny Defendants their day in court, and for this, this case should be dismissed with prejudice.

## CONCLUSION

40.   This Court should deny Plaintiff's most recent fraud on this Court—attempting to obtain a default when not serving the defendants in the manner required by the Rules. Plaintiff's motion for default should be denied.

41.   Further as a sanction for this Plaintiff's fraud upon the Court, the entire case should be dismissed with prejudice, and this Court should consider referral to the U.S. Attorney for perjury (since his motion for default is verified and sworn under penalty of perjury to be true as per page 4 of his default motion) and possibly mail fraud charges under 18 U.S.C. § 1341.

42.   Finally, we pray this court will provide all other relief as appropriate.

Tuesday, July 22, 2014                    Respectfully submitted,


_____
Lynn Thomas pro se
Email: lmalone.thomas.legal@gmail.com
Mailing address:847 South Randall Road Suite 257, Elgin,
IL 60123
Phone: 630-335-7229


_____
Peter G. Malone pro se
Email: pmalone.legal@gmail.com
Mailing address: 847 South Randall Road Suite 257, Elgin,
IL 60123
Phone: 630-397-8515

<u>CERTIFICATE OF SERVICE</u>

We hereby certify that a true and correct copy of the above Opposition and its Exhibits was filed in this case on July 21, 2014. Additionally, we are serving the documents sent via USPS mail on this date on Plaintiff Kimberlin.

Dated: July 22, 2014

By: _____
Peter G. Malone

By: _____
Lynn Thomas