IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BRETT KIMBERLIN,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 13-cv-2580 |
| **LYNN THOMAS, et al.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

On September 5, 2013, Plaintiff Brett Kimberlin filed a Complaint alleging violation of copyrights owned or controlled by him in violation of the Copyright Act, 17 U.S.C. § 101, and the Digital Millennium Copyright Act, 17 U.S.C. § 1201, and naming as the Defendant "Anonymous Blogger KimberlinUnmasked." Compl. ¶¶ 2, 16–36, ECF No. 1. Kimberlin neither provided the actual name of the Defendant nor any identifying information necessary to make service upon the Defendant. Kimberlin filed an Amended Complaint on March 13, 2014 identifying the Defendants as Peter Malone and Lynn Thomas (collectively the "Defendants"). Am. Compl. ¶ 2, ECF No. 14. On July 16, 2014, Kimberlin filed a Motion for Default Judgment, which the Court denied on August 8, 2014 because Kimberlin did not file proper proof of service and did not ask this Court for leave to provide alternate service. ECF Nos. 18, 22. Kimberlin now seeks to be permitted to make service on the Defendants by alternate means under Maryland Rules 2-121 and 2-122. Mot. 1.

Federal Rule of Civil Procedure 4(e)(1) states that an individual defendant may be served "pursuant to the law of the state in which the district court is located." Maryland Rule 2-121(c), provides that when presented with an affidavit stating that good faith efforts to serve an

individual defendant in accordance with Maryland Rule 2-121(a) have failed and that service under Maryland Rule 2-121(b) is impracticable, "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." *Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trustees*, CIV.A. DKC 12-3228, 2013 WL 3072373, at *3 (D. Md. June 17, 2013).  The Court of Appeals of Maryland has held that authority for service by alternate means under Maryland Rule 2-121(b) based on evasion of service of process, "requires proof of affirmative acts to evade service of process" and that "the inability to serve, without more, is insufficient."  *Lohman v. Lohman*, 626 A.2d 384, 394 n.9 (Md. 1993) (citing Paul V. Niemeyer & Linda M.  Schuett, Maryland Rules Commentary 96 (2d ed. 1992)).

    Here, Kimberlin's Declaration alleges only his minimal efforts to effect service on the Defendants by certified mail under Maryland Rule 2-121(a), and does not state how the Defendants have acted to evade service of process.[1]  ECF No. 23-1.  The conclusory statements Kimberlin offers in his Motion and Declaration are simply not enough to justify an alternate method of service at this juncture.  In addition, it is not clear that service by e-mail, as Kimberlin requests, is an appropriate form of alternate service "reasonably calculated to give actual notice" to the Defendants.  *See* Md. Rule 2-121(c).

---

[1] As pointed out by the Defendants, there is a very real question as to whether Kimberlin mailed the summons to them by restricted delivery.  *See* ECF No. 19, at 3–14.  Thus, there appears not to have been an effort to serve the Defendants in a manner authorized by law, and certainly nothing to indicate that they have acted to evade service.

3

Accordingly, it is, this 16th day of October, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Motion for Alternative Service of Defendants (ECF No. 23) is hereby **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE